**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| GARNET DIGITAL, LLC<br><br>    Plaintiff,<br><br>  v.<br><br>(1)    APPLE, INC.;<br>(2)    SAMSUNG ELECTRONICS AMERICA, INC.;<br>(3)    SAMSUNG TELECOMMUNICATIONS AMERICA, LLC;<br>(4)    AT&T INC.;<br>(5)    AT&T MOBILITY LLC;<br>(6)    DELL INC.;<br>(7)    PANTECH WIRELESS, INC.;<br>(8)    HTC AMERICA, INC.;<br>(9)    RESEARCH IN MOTION CORPORATION;<br>(10)  SHARP ELECTRONICS CORPORATION;<br>(11)  HEWLETT-PACKARD COMPANY;<br>(12)  LG ELECTRONICS U.S.A., INC.;<br>(13)  LG ELECTRONICS MOBILECOMM U.S.A., INC.;<br>(14)  MOTOROLA MOBILITY, INC.;<br>(15)  SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.;<br>(16)  CASIO AMERICA, INC.;<br>(17)  GOOGLE INC.;<br>(18)  KYOCERA COMMUNICATIONS, INC.;<br>(19)  VERIZON COMMUNICATIONS, INC.;<br>(20)  CELLCO PARTNERSHIP (DBA VERIZON WIRELESS);<br>(21)  SPRINT SOLUTIONS, INC.;<br>(22)  SPRINT NEXTEL CORPORATION;<br>(23)  T-MOBILE USA, INC.;<br>(24)  BOOST MOBILE, LLC;<br>(25)  VIRGIN MOBILE USA, INC.;<br>(26)  VIRGIN MOBILE USA, L.P.;<br>(27)  UNITED STATES CELLULAR | CIVIL ACTION NO. 6:11-cv-647<br><br>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

|       |                                    |
|-------|------------------------------------|
|       | CORPORATION;                        |
| (28)  | METROPCS COMMUNICATIONS, INC.;      |
| (29)  | LEAP WIRELESS INTERNATIONAL, INC.;  |
| (30)  | STX WIRELESS OPERATIONS, LLC;       |
| (31)  | HUAWEI TECHNOLOGIES USA INC.;       |
| (32)  | ZTE (USA) INC.; and                 |
| (33)  | RADIOSHACK CORPORATION;             |
|       | Defendants.                         |

Plaintiff Garnet Digital, LLC ("Garnet") files this original complaint against the above-named defendants, alleging, based on its own knowledge with respect to itself and its own actions and based on information and belief as to all other matters, as follows:

**PARTIES**

1. Garnet is a limited liability corporation formed under the laws of the State of Texas, with a principal place of business in Plano, Texas.

2. Defendant Apple, Inc. ("Apple") is a corporation organized under the laws of the state of California, with a principal place of business at 1 Infinite Loop, Cupertino, CA 95014.  Apple can be served with process by serving its registered agent:  CT Corporation System; 350 N. St. Paul Street, Ste. 2900; Dallas, TX 75201.

3. Defendant Samsung Electronics America, Inc. ("Samsung Electronics") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 105 Challenger Road; Ridgefield Park, NJ 07660.  Samsung Electronics can be served with process by serving its registered agent:  CT Corporation System; 350 N. St. Paul Street, Ste. 2900; Dallas, TX 75201.

4. Defendant Samsung Telecommunications America, LLC ("STA") is a limited liability company organized under the laws of the state of Delaware, with a

principal place of business at 1301 East Lookout Drive; Richardson, TX 75082-4124. STA can be served with process by serving its registered agent: Corporation Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

5. Defendant AT&T Inc. is a corporation organized under the laws of the state of Delaware, with a principal place of business at 208 S. Akard Street; Dallas, TX 75202. AT&T Inc. can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul Street, Ste. 2900; Dallas, TX 75201.

6. Defendant AT&T Mobility LLC ("AT&T Mobility") is a limited liability company organized under the laws of the state of Delaware, with a principal place of business at 5565 Glenridge Connector, Ste. 510; Atlanta, GA 30342. AT&T Mobility can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul Street, Ste. 2900; Dallas, TX 75201.

7. Defendant Dell Inc. ("Dell") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 1 Dell Way, Round Rock, TX 78682-7000. Dell can be served with process by serving its registered agent: Corporation Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

8. Defendant Pantech Wireless, Inc. ("Pantech") is a corporation organized under the laws of the state of Georgia, with a principal place of business at 5607 Glenridge Drive, Ste. 500; Atlanta, GA 30342. Under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, Pantech can be served by serving the Secretary of State because it is doing business in Texas but has not registered an agent for the service of process in Texas. The address of its home, home office, and principal office is 5607 Glenridge Drive, Ste. 500; Atlanta, GA 30342.

9. Defendant HTC America, Inc. ("HTC") is a corporation organized under the laws of the state of Washington, with a principal place of business at 13920 SE Eastgate Way, Ste. 400; Bellevue, WA 98005. HTC can be served with process by serving its registered agent: National Registered Agents; 16055 Space Center, Ste. 235; Houston, TX 77062.

10. Defendant Research In Motion Corporation ("RIM") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 122 West John Carpenter Parkway, Ste. 430; Irving, TX 75039. RIM can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul Street, Ste. 2900; Dallas, TX 75201.

11. Defendant Sharp Electronics Corporation ("Sharp") is a corporation organized under the laws of the state of New York, with a principal place of business at Sharp Plaza; Mahwah, NJ 07430. Sharp can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul Street, Ste. 2900; Dallas, TX 75201.

12. Defendant Hewlett-Packard Company ("HP") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 3000 Hanover Street; Palo Alto, CA 94304. HP can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul Street, Ste. 2900; Dallas, TX 75201.

13. Defendant LG Electronics U.S.A., Inc. ("LG Electronics") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 920 Sylvan Ave.; Englewood Cliffs, NJ 07632. LG Electronics can be served with process by

serving its registered agent: United States Corporation Co.; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

14. Defendant LG Electronics MobileComm U.S.A., Inc. ("LG Mobile") is a corporation organized under the laws of the state of California, with a principal place of business at 10101 Old Grove Road; San Diego, CA 92131. LG Mobile can be served with process by serving its registered agent: National Registered Agents; 16055 Space Center, Ste. 235; Houston, TX 77062.

15. Defendant Motorola Mobility, Inc. ("Motorola") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 1303 East Algonquin Road; Schaumburg, IL 60196. Motorola can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul Street, Ste. 2900; Dallas, TX 75201.

16. Defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 7001 Development Drive; PO Box 13969; Research Triangle Park, NC 27709. Sony Ericsson can be served with process by serving its registered agent: Capitol Corporate Services, Inc.; 800 Brazos, Ste. 400; Austin, TX 78701.

17. Defendant Casio America, Inc. ("Casio") is a corporation organized under the laws of the state of New York, with a principal place of business at 570 Mount Pleasant Ave.; Dover, NJ 07801. Casio can be served with process by serving its registered agent: United States Corp Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

18. Defendant Google Inc. ("Google") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 1600 Ampitheatre

Parkway; Mountain View, CA 94043. Google can be served with process by serving its registered agent: Corporation Service Company dba CSC--Lawyers Incorporating Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

19. Defendant Kyocera Communications, Inc. ("Kyocera") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 10300 Campus Point Drive; San Diego, CA 92121. Kyocera can be served with process by serving its registered agent: Corporation Service Company dba CSC--Lawyers Incorporating Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

20. Defendant Verizon Communications, Inc. ("Verizon Communications") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 140 West Street; New York, NY 10007. Under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, Verizon Communications can be served by serving the Secretary of State because it is doing business in Texas but has not registered an agent for the service of process in Texas. The address of its home, home office, and principal office is 140 West Street; New York, NY 10007.

21. Defendant Cellco Partnership (dba Verizon Wireless) ("Cellco") is a partnership organized under the laws of the state of Delaware, with a principal place of business at One Verizon Way; Basking Ridge, NJ 07920. Under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, Cellco can be served by serving the Secretary of State because it is doing business in Texas but has not registered an agent for the service of process in Texas. The address of its home, home office, and principal office is One Verizon Way; Basking Ridge, NJ 07920.

22. Defendant Sprint Solutions, Inc. ("Sprint Solutions") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 701 Brazos St., Ste. 1050; Austin, TX 78701. Sprint Solutions can be served with process by serving its registered agent: Corporation Service Company dba CSC--Lawyers Incorporating Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

23. Defendant Sprint Nextel Corporation ("Sprint Nextel") is a corporation organized under the laws of the state of Kansas, with a principal place of business at 6200 Sprint Parkway; Overland Park, KS 66251. Under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, Sprint Nextel can be served by serving the Secretary of State because it is doing business in Texas but has not registered an agent for the service of process in Texas. The address of its home, home office, and principal office is 6200 Sprint Parkway; Overland Park, KS 66251.

24. Defendant T-Mobile USA, Inc. ("T-Mobile") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 12920 SE 38th Street; Bellevue, WA 98006. T-Mobile can be served with process by serving its registered agent: Corporation Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

25. Defendant Boost Mobile, LLC ("Boost") is a limited liability company organized under the laws of the state of Delaware, with a principal place of business at 6200 Sprint Parkway, KSOPHF0302-3B124; Overland Park, KS 66251. Boost can be served with process by serving its registered agent: Corporation Service Company dba CSC--Lawyers Incorporating Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

26. Defendant Virgin Mobile USA, Inc. ("Virgin Mobile") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 10 Independence Blvd.; Warren, NJ 07059. Under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, Virgin Mobile can be served by serving the Secretary of State because it is doing business in Texas but has not registered an agent for the service of process in Texas. The address of its home, home office, and principal office is 10 Independence Blvd.; Warren, NJ 07059..

27. Defendant Virgin Mobile USA, L.P. ("Virgin Limited") is a limited partnership organized under the laws of the state of Delaware, with a principal place of business at 10960 Wilshire Blvd., Ste. 600; Los Angeles, CA 90024. Virgin Limited can be served with process by serving its registered agent: Corporation Service Company dba CSC--Lawyers Incorporating Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

28. Defendant United States Cellular Corporation ("US Cellular") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 8410 West Bryn Mawr, Ste. 700; Chicago, IL 60631. Under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, US Cellular can be served by serving the Secretary of State because it is doing business in Texas but has not registered an agent for the service of process in Texas. The address of its home, home office, and principal office is 8410 West Bryn Mawr, Ste. 700; Chicago, IL 60631.

29. Defendant MetroPCS Communications, Inc. ("MetroPCS") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 2250 Lakeside Blvd.; Richardson, TX 75082. Under the Texas Long Arm Statute, as well

as the Texas Business Corporations Act, MetroPCS can be served by serving the Secretary of State because it is doing business in Texas but has not registered an agent for the service of process in Texas. The address of its home, home office, and principal office is 2250 Lakeside Blvd.; Richardson, TX 75082.

30. Defendant Leap Wireless International, Inc. ("Leap Wireless") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 5887 Copley Drive; San Diego, CA 92111. Under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, Leap Wireless can be served by serving the Secretary of State because it is doing business in Texas but has not registered an agent for the service of process in Texas. The address of its home, home office, and principal office is 5887 Copley Drive; San Diego, CA 92111.

31. Defendant STX Wireless Operations, LLC ("STX") is a limited liability company organized under the laws of the state of Delaware, with a principal place of business at 5887 Copley Drive; San Diego, CA 92111. STX can be served with process by serving its registered agent: Corporation Service Company dba CSC--Lawyers Incorporating Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

32. Defendant Huawei Technologies USA Inc. ("Huawei") is a corporation organized under the laws of the state of Texas, with a principal place of business at 5700 Tennyson Parkway; Ste. 500; Plano, Texas 75024. Huawei can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul Street, Ste. 2900; Dallas, TX 75201.

33. Defendant ZTE (USA) Inc. ("ZTE") is a corporation organized under the laws of the state of New Jersey, with a principal place of business at 2425 North Central

Expressway, Ste. 600; Richardson, TX 75080. ZTE can be served with process by serving its registered agent: Li Mo; 4585 Spencer Drive; Plano, TX 75024.

34. Defendant RadioShack Corporation ("RadioShack") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 300 RadioShack Circle, Fort Worth, Texas. RadioShack can be served with process by serving its registered agent: Corporation Service Company dba CSC--Lawyers Incorporating Service Company; 211 East 7th Street, Ste. 620; Austin, TX 78701-3218.

## JURISDICTION AND VENUE

35. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

36. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, each defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

37. Each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## JOINDER

38. Defendants are properly joined under 35 U.S.C. § 299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect

to the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same accused products. Specifically, as alleged in detail below, defendants are alleged to infringe the patent in suit with respect to a large number of overlapping smartphone products.

39. Defendants are properly joined under 35 U.S.C. § 299(a)(2). Questions of fact will arise that are common to all defendants, including for example, whether the overlapping smartphone products alleged to infringe have features that meet the limitations of one or more claims of the patent-in-suit, and what reasonable royalty will be adequate to compensate the owner of the patent-in-suit for its infringement.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,379,421

40. On January 3, 1995, United States Patent No. 5,379,421 was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Interactive Terminal For The Access Of Remote Database Information." On October 10, 1995, a certificate of correction of the 421 patent was duly and legally issued by the Patent Office. A true and correct copy of the 421 patent, along with its certificate of correction, is attached hereto as Exhibit A.

41. Garnet is the owner of the 421 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 421 patent against infringers, and to collect damages for all relevant times.

42. Apple directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems

(including at least iPhones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

43. Samsung Electronics and STA (collectively "Samsung") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Samsung Captivate, Continuum, Conquer, Dart, Droid, Epic, Exhibit, Fascinate, Focus, Galaxy, Gravity, Indulge, Infuse, Intercept, Mesmerize, Replenish, Prevail, Restore, Stratosphere, Transfix, Transform, and Vitality smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

44. AT&T Inc. and AT&T Mobility (collectively "AT&T") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the AT&T Impulse; the Apple iPhone; the Dell Venue; the HTC HD7, Inspire, and Status; the LG Pheonix and Thrill; the Motorola Atrix; Palm Pixi; Pantech Crossover; Samsung Captivate, Focus, Galaxy, and Infuse; Sharp FX; and Sony Ericsson Xperia smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

45. Dell directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Dell Venue smartphones) that infringed one or more claims of the 421

patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

46.     Pantech directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Pantech Breakout and Crossover smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

47.     HTC directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least HTC Amaze, 7 Pro, Arrive, Desire EVO HD7, Hero, Inspire Merge, Radar, Rhyme, Sensation, Status, Thunderbolt, Trophy, and Wildfire smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

48.     RIM directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least BlackBerry Bold, Curve, Torch, and Tour smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

49.     Sharp directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Sharp FX smartphones) that infringed one or more claims of the 421

patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

50. HP directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least HP Veer, Palm Pixi, and Palm Pre2 smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

51. LG Electronics and LG Mobile (collectively "LG") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least LG Enlighten, Marquee, Doubleplay, Esteem, Genesis, Optimus, Phoenix, Revolution, Rumor, Thrill, and Vortex smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

52. Motorola directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Motorola Admiral, Atrix, Citrus, Cliq, Droid, Electrify, ES400S, XPRT, Photon, Titanium, and Triumph smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

53. Sony Ericsson directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Sony Ericsson Xperia smartphones) that infringed one or more

14

claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

54.     Casio directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least GzOne smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

55.     Google directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Google Nexus smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

56.     Kyocera directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Milano, Sanyo Zio, and Sanyo Incognito smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

57.     Verizon Communications and Cellco (collectively "Verizon") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Apple iPhone; RIM Bold, Curve, Torch, Tour; Casio GzOne; HTC Rhyme, Thunderbolt, and Trophy; LG Enlighten, Revolution, and Vortex; Motorola Citrus and Droid; Palm Pre2; Pantech

Breakout; and Samsung Continuum, Droid, Fascinate, Galaxy, and Stratosphere; and Sony Ericsson Xperia smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

58. Sprint Solutions and Sprint Nextel (collectively "Spring") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Apple iPhone; RIM Bold, Curve, Torch, and Tour; Google Nexus; HTC Arrive and EVO; Kyocera Milano; LG Marquee and Optimus; and Motorola Admiral, ES400S, XPRT, Photon, and Titanium; and Samsung Conquer, Epic, Galaxy, Replenish, and Transform smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

59. T-Mobile directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least RIM Bold and Curve; HTC Amaze, HD7, Radar, Sensation, and Wildfire; LG DoublePlay and Optimus; Motorola Cliq; Samsung Dart, Exhibit, Galaxy, and Gravity; and T-Mobile Comet, G2x, myTouch, and Sidekick smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

60. Boost directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least RIM Curve; Kyocera Sanyo Incognito; Samsung Prevail and Transform;

16

and ZTE Warp smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

61.   Virgin Mobile and Virgin Limited (collectively "Virgin") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least RIM Curve; HTC Wildfire; LG Optimus and Rumor; Motorola Triumph and Intercept; and Samsung Restore smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

62.   US Cellular directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least RIM Bold, Curve, and Torch; HTC 7Pro, Desire, Hero, Merge, and Wildfire; LG Genesis, and Optimus; Motorola Electrify; and Samsung Character and Mesmerize smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

63.   MetroPCS directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Huawei M835; LG Esteem; Samsung Admire, Craft, and Galaxy smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

64. Leap Wireless and STX (collectively "Leap") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least RIM Curve; Huawei Ascend; Kyocera Sanyo Zio; LG Optimus; Samsung Indulge, Transfix, and Vitality; and ZTE Score smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

65. Huawei directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Huawei Ascend and M835 smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

66. ZTE directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least ZTE Score and Warp smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

67. RadioShack directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Motorola, HTC, Samsung, LG, Blackberry, Apple smartphones) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.

**JURY DEMAND**

Garnet hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

Garnet requests that the Court find in its favor and against defendants, and that the Court grant Garnet the following relief:

a. Judgment that one or more claims of the 421 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more defendants and/or by others to whose infringement defendants have contributed and/or by others whose infringement has been induced by defendants;

b. A permanent injunction enjoining defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the 421 patent;

c. Judgment that defendants account for and pay to Garnet all damages to and costs incurred by Garnet because of defendants' infringing activities and other conduct complained of herein;

d. That Garnet be granted pre-judgment and post-judgment interest on the damages caused by defendants' infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Garnet its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

  f. That Garnet be granted such other and further relief as the Court may deem just and proper under the circumstances.


Dated: December 2, 2011        Respectfully submitted,

                   /s/  Matthew J. Antonelli
                Matthew J. Antonelli (lead attorney)
                Texas Bar No. 24068432
                matt@ahtlawfirm.com
                Zachariah S. Harrington
                Texas Bar No. 24057886
                zac@ahtlawfirm.com
                Larry D. Thompson, Jr.
                Texas Bar No. 24051428
                larry@ahtlawfirm.com
                ANTONELLI, HARRINGTON &
                THOMPSON LLP
                4200 Montrose Blvd., Ste. 430
                Houston, TX 77006
                (713) 581-3000

                Attorneys for Garnet Digital, LLC