**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

GARNET DIGITAL, LLC

      Plaintiff,

    v.

APPLE, INC. et al.,

      Defendants.

CIVIL ACTION NO. 6:11-cv-647

**JURY TRIAL DEMANDED**

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

The parties have met and conferred regarding an appropriate protective order for this case, and have reached agreement on most issues. But the parties disagree about defendants' proposed prosecution bar and their proposed acquisition bar. The parties jointly ask the Court to rule on these areas of disagreement and enter a protective order.

A protective order with the areas of dispute set out side-by-side is attached as Exhibit 1.

Here are each sides' statements regarding the disputes:

1.     **Definition of "Technical Field"--Paragraph 2(i)):** *Affecting the Scope of the Prosecution Bar (Paragraph 6(b)), Defendants' Proposed Acquisition Bar (Paragraph 6(b)(ii)) and Notice of Disclosure (Paragraph 12(a))*

    Garnet's Statement

Purely as a compromise, ***and without conceding that it is necessary or appropriate***, Garnet is willing to submit to a prosecution bar. But Garnet does not agree with the incredibly broad scope that defendants are proposing for the prosecution bar.

The patent at issue in this case concerns the integration of a telephone (including, for example, a smartphone) with an internet access device that allows video to be downloaded and displayed, either on the screen of the smartphone itself, or through a wired or wireless

1

connection to an external display.  Garnet alleges that the defendants' systems that involve smartphones for downloading and displaying video infringe its patent.  Garnet is thus willing to agree to a prosecution bar that is tailored to those systems.

Defendants' propose a scope for the prosecution bar that does not refer to a telephone or smartphone in any way, which are at the core of the invention covered by the patent-in-suit. Instead, defendants want the prosecution bar to cover anything relating to downloading data from the Internet and displaying it.  That sweeps incredibly broadly, and would unduly impair counsel's ability to effectively represent their clients in the future.  The prosecution bar should be reasonably tailored to what is actually at issue in this case, so that it does not unnecessarily restrain counsel's ability to represent clients in the future.

Defendants argue that the extreme breadth of their proposed prosecution bar is justified because other devices besides smartphones, such as Apple TV products[1], are accused of infringement. But such products are part of Garnet's infringement allegations only to the extent that they interact with the accused smartphones and help display the downloaded video on external displays.  Garnet has no interest in any other aspects or functionality that they provide, and Garnet should not, simply because they are involved in infringement in this case, be subject to the incredibly broad prosecution bar that defendants are proposing.

To make the prosecution bar cover anything relating to downloading information from the Internet would be incredibly broad.  Such a prosecution bar would be an unwarranted restraint on counsel's ability to represent clients in the future and should be rejected by the Court.

---

[1] The only specific product mentioned by defendants is the AppleTV product, but Apple has already been dismissed from this litigation pursuant to a settlement agreement.

Defendants' Statement

Defendants' proposed definition for "Technical Field" is tailored to cover (i) the scope of the claims in the patent-in-suit; and (ii) the various accused products identified by Plaintiff in its infringement contentions.  First, the claims of the patent-in-suit broadly recite retrieving "information" from a database, *not* merely retrieving "video" from a database as the Plaintiff contends.  Such information can either be "carrier based signals" or "communication signals."  Since the patent claims as written are broad enough to cover the downloading of any data – not just video, Defendants' definition that does not include a "video" limitation is appropriate at this time.

Second, as the Plaintiff admits, the accused products identified by Plaintiff encompass not only smartphones, but also digital media receivers, such as Apple TV, and television display components.  Specifically, Plaintiff has accused mobile devices compliant with network standards such as the Digital Living Network Alliance ("DLNA"), which means that in addition to arguing that the display of the mobile device is a "television," the Plaintiff has pointed to an actual television, such as found within a living room, as the alleged "television" display.  Plaintiff has also requested through interrogatories information concerning Defendants' products that "can be controlled by" a telephone and that have an "interface capable of connection to an external display."  Thus, Plaintiff's argument that the patent claims require a telephone is inconsequential to the fact that Plaintiff has chosen to accuse other technologies in its infringement contentions and to request information about a broad range of products in its interrogatories, and as a result, will have access to confidential information beyond telephones and telephone functions.

Indeed, Plaintiff's attorneys have previously agreed that a prosecution bar should be limited to the technology that is being accused of infringement in the lawsuit.  *See E-Contact Techs. LLC v. Apple Inc., et al.*, Case No. 1:11-cv-00426, Dkt. 303 at 3 (E.D. Tex. June 19, 2012) ("Plaintiff has agreed to a prosecution bar, but believes that it should be limited to the technology that is being accused of infringement in this lawsuit.").  Since Plaintiff will have access to confidential information for technologies beyond the downloading of video using telephones, Defendants' proposed definition that is not limited to "telephones" is appropriate.

**2.     Defendants' Proposed "Acquisition Bar" (Paragraph 6(b)(ii))**

Garnet's Statement

In addition to a prosecution bar, defendants propose a separate acquisition bar that would prevent anyone who receives confidential information from having any involvement in the acquisition of any patents relating to downloading information from the Internet.  An acquisition bar—let alone an acquisition bar that sweeps this broadly—is unwarranted in this case.

Defendants say that whenever a patent plaintiff is a non-practicing entity, both the NPE—***and their outside attorneys***—are competitors who should be subject to an acquisition bar.  In support of this remarkable position, defendants cite two cases, *Hyundai Motor America v. Clear With Computers, LLC,* Case No. 6:08-CV-00302, Dkt. No. 71 (E.D. Tex. May 11, 2009) and *ST Sales Tech Holdings, LLC. v. Daimler Chrysler Co., LLC,* Civil Action No. 6:07-CV-346, 2008 WL 5634214 (E.D. Tex. Mar. 14, 2008).  But these cases do not even come close to supporting defendants' position.

In both of them, this Court considered David Pridham's involvement with a large number of patent holding entities controlled by Erich Spangenberg.  The Court found that the nature of David Pridham's involvement with these entities was exceptional, noting that it was "extensive,

4

and goes well-beyond the typical role of outside counsel, *even outside counsel who might work with an entity for years*." *See ST Sales Tech*., 2008 WL 5634214 at *5 (emphasis added); *see also Hyundai Motor,* 6:08-cv-302, Dkt. No. 71, at 4-5 (relying on same relationship that was described in *ST Sales*).

This Court has never held that just because a patent plaintiff is a non-practicing entity, it should automatically be subject to an acquisition bar—let alone that its outside attorneys are also competitors who should also be subject to such a bar.  Indeed, such a position was rejected by this Court in a subsequent decision where Mr. Pridham was found not to be a competitor in connection with representing an a non-practicing entity not controlled by Mr. Spangenberg.  *See The PacID Group, LLC v. Apple, Inc.*, Dkt. No. 249, Case No. 6:09-cv-143 (E.D. Tex. Feb. 19, 2010).  Defendants have pointed to nothing in this case that comes even close to the facts in the *ST Sales* or *Hyundai* cases.

Defendants also rely on *E-Contact Techs., LLC v. Apple Inc. et al.,* Case No. 1:11-cv-00426, D.I. 344, at 4 (E.D. Tex. June 19, 2012).  There, Judge Giblin imposed an acquisition bar solely because plaintiff  agreed to prosecution bar, and therefore in the Court's view conceded that there would be a risk of inadvertently disclosing information to its clients in advising them regarding the acquisition of patents.  But in this case, Garnet has agreed to a prosecution bar solely in a good faith effort to avoid disputes, and because neither Garnet nor its outside counsel expect to be involved in prosecution before the Patent Office.  Neither Garnet, nor its counsel, should be penalized for taking steps to avoid unnecessary disputes.

 Moreover, the acquisition bar sought by defendants would prohibit activity that does not entail the risks addressed by a prosecution bar.  In prosecution, the danger is that an individual who has been exposed to confidential information might inadvertently be influenced by that

confidential information to write new claims that reflect that information.  But in the context of

acquiring patents that already exist, the claims are already written, and there is no risk that the

confidential information could be used to create patent rights that would not otherwise have

existed.  Such activity thus poses even less risk than the amendment of claims during

reexamination, which this Court has repeatedly recognized  should not be subject to a bar.  *See,*

*e.g., Mirror Worlds, LLC v. Apple, Inc.,* Case No. 6:08-cv-88, 2009 WL 2461808, * 2 (E.D. Tex.

Aug. 11, 2009); *Doc. Gen. Corp. v. Allscripts, LLC*, Case No. 6:08-cv-479, 2009 WL 1766096,

*2-3 (E.D. Tex. June 22, 2009).

That the burdensome acquisition bar defendants seek is not necessary to protect their

interests is demonstrated by the fact that they have not sought an acquisition bar in other patent

cases—cases in which any risk of their confidential information being inadvertently used in the

acquisition of patents is order of magnitudes greater than in this case.  In the smartphone patent

wars currently being waged around the world, large companies, including many of the

defendants in this case, have repeatedly agreed to protective orders that do not contain

acquisition bars, even though their competitors are actively engaged in acquiring patents to assert

against each other.  For example, in a recent lawsuit with Apple related to smartphones,

Motorola agreed to a stipulated protective order that did not contain any acquisition bar.  *See* Ex.

2 [Apple/Motorola PO].  Motorola and Apple did so despite the fact that both Apple and

Motorola have both been very active in acquiring patents in the same technical field to assert

against each other.  *See, e.g.,* Ex. 3 [CNN Money Article]; Ex. 4 [PatentlyO Article]; Ex. 5 [BGR

Article].  Similarly, in a lawsuit between Apple and HTC, both Apple and HTC agreed to a

protective order with no acquisition bar.  *See* Ex. 6 [Apple/HTC PO].  Neither Apple nor HTC

asked for an acquisition bar, even though both companies are actively involved in acquiring

patents.  *See, e.g.,* Ex. 7 [Bloomberg Article]; Ex. 3 [CNN Money Article]; Ex. 4 [PatentlyO

Article].  In those cases, billions of dollars are at stake, and the parties are so active in acquiring

patents to assert against each other that news reports of such acquisition activity has spilled into

the lay press.  Because acquisition bar were evidently not necessary to protect defendants'

interests in those cases, there is no reason why they are necessary in this case.

<u>Defendants' Statement</u>

The parties agree that the protective order in this case should include a prosecution bar,

but disagree on its scope.  Defendants propose that the bar should cover patent acquisition

activity.

The Federal Circuit has authorized the use of a "prosecution bar" to restrict patent

prosecution by trial attorneys who have access to confidential information.  *In re Deutsche Bank*

*Trust Co. Americas,* 605 F.3d 1373 (Fed. Cir. 2010).  Likewise, various courts, including this

Court, have approved "acquisition bars" to limit the potential for inadvertent use or disclosure of

confidential information by individuals regularly engaged in the acquisition of patents.  *See, e.g.,*

*E-Contact Techs., LLC v. Apple Inc. et al.,* Case No. 1:11-cv-00426, D.I. 344, at 4 (E.D. Tex.

June 19, 2012) ("An acquisition bar should be included in the protective order.").

As this Court has found, where a non-practicing entity ("NPE") is in the business of

acquiring and enforcing patents against other entities, an acquisition bar is appropriate as they

and their attorneys are considered competitors and "[t]here is little doubt" that the alleged

infringer's confidential information could be of value to the NPE.  *See ST Sales Tech Holdings,*

*LLC. v. Daimler Chrysler Co., LLC,* Civil Action No. 6:07-CV-346, 2008 WL 5634214 (E.D.

Tex. Mar. 14, 2008); *Hyundai Motor America v. Clear With Computers, LLC,* Case No. 6:08-

CV-00302, D.I. 471, Memorandum Opinion and Order on Cross Motions For Protective Order (E.D. Tex. May 11, 2009).

Here, Plaintiff is an NPE that has sued over twenty defendants shortly after acquiring the patent-in-suit.  Moreover, through discovery in this lawsuit, the attorneys and experts for Plaintiff will have access to an enormous volume of Defendants' highly confidential and sensitive documents, providing a roadmap for patent acquisitions, prosecution, and future licensing demands and litigation against Defendants.  Indeed, Plaintiff's attorneys admit that they are "often involved in issues such as selecting patents for enforcement in patent lawsuits" and are in fact involved in multiple lawsuits against many of the defendants in this case.  Even Plaintiff recognizes the risk by agreeing to a prosecution bar.  That same risk applies equally to patent acquisitions and should be addressed before any confidential information is produced.

Moreover, Plaintiff's attempt to compare itself to a Motorola, Apple, or HTC falls flat and warrants little discussion.  Garnet is an NPE.  It and its outside counsel are in the business of acquiring patents and filing lawsuits to collect licensing revenues.  The same attorneys involved in the *E-Contact case* for which this court granted an acquisition bar are involved in the present case.  Few individuals are involved in either entity, *period*.  Thus, the risk that Plaintiff's attorneys would inadvertently rely on or be influenced by information that they may learn during the course of the litigation is high given the fact that competitive decision making may well be a regular part of their representation.  *See In re Deutsche Bank Trust Co. Americas,* 605 F.3d at 1379-80*; E-Contact* at p. 3 ("Defendants possess an enormous amount of confidential and proprietary information and the inadvertent disclosure of such information has very significant financial consequences.").

### 3.  Mutuality Of Prosecution Bar & Acquisition Bar (Paragraph 6(b))

<u>Garnet's Statement</u>

Defendants are proposing a very broad prosecution bar and acquisition bar.  Given the extremely burdensome nature of the bars they are proposing, it is perhaps not surprising that defendants are proposing that they apply ***only to plaintiff***.  But to the extent that highly confidential documents are produced to defendants, defendants should be subject to the same bars as plaintiff.  There is no good reason for the one-sided bars proposed by defendants.  Indeed, making the bars mutual will serve as an important check to make sure that defendants are proposing bars that are reasonable in scope and that do not unduly restrict the ability of lawyers to practice their profession.

Defendants argue that Garnet does not have confidential information that should give rise to any prosecution or acquisition bar.  But Garnet expects that it will be producing highly confidential information in this case.  For example, Garnet will likely have to produce highly confidential information about its acquisition of the patent-in-suit, which will provide outside counsel with detailed information about where the patents were acquired from, and how much Garnet was willing to pay for them.  This information could be used to Garnet's detriment by outside counsel for defendants who are themselves often involved in purchasing patents, either to assert on their own, or to prevent other companies from purchasing patents to assert against them.

Moreover, defendants will always be free to challenge Garnet's confidentiality designations if they believe that Garnet has designated materials with an improper confidentiality designation. There is thus no reason why the prosecution bar (and any acquisition bar adopted by the Court) should not apply equally to all of the parties.

Finally, defendants argue that the bars they want should not be mutual, but apply only to defendants, because Garnet's outside counsel represents non-practicing entities.  But Garnet's outside counsel represents both practicing and non-practicing entities, just as many of the outside counsel for defendants in this case do.  For example, the McKool Smith law firm is representing MetroPCS in this action, and has previously represented non-praciticing entities such as Eolas Technologies.  So the fact that the Antonelli, Harrington & Thompson law firm represents some non-practicing entities (in addition to the practicing entities) is no reason to impose the various bars sought by defendants' counsel on only plaintiff and plaintiff's counsel.

Defendants' Statement

The purpose of prosecution and acquisition bars is to minimize the risk of inadvertently using another parties' confidential information to obtain or acquire patents only to assert them against the same parties in future litigation.  Here a unilateral bar is appropriate because Plaintiff and Defendants are not similarly situated and the only risk of any inadvertent future use of confidential information against another party is with Plaintiff and Plaintiff's counsel.

First, it is undisputed that Plaintiff is in the business of acquiring patents and bringing lawsuits to monetize on those patent rights.  Plaintiff does not develop or sell any products that need the protection of a prosecution or acquisition bar.  It is also undisputed that Plaintiff's outside counsel represents many NPEs and is engaged in several other patent enforcement actions against various Defendants in this case.  Defendants, on the other hand, are companies that develop or sell actual products that are in the market place.  Moreover, Defendants' outside counsel have not engaged in any other litigation with Plaintiff.  It is typical, and such is anticipated in this case, that NPEs do not produce a large number or a variety of relevant documents.  Therefore the risk of using confidential information against another party in future

litigation is with Plaintiff and Plaintiff's counsel, not Defendants or Defendants' counsel who will not be prosecuting or acquiring patents to assert against Plaintiff – a non-practicing entity.

Second, to the extent Plaintiff will be producing any technical documents, those documents are outdated as they relate to technologies allegedly developed in the early 1990's. This outdated information will not be beneficial for use to prosecute or acquire patents.  Whereas the confidential documents that will be produced by Defendants are of current products and may be inadvertently used to prosecute or acquire patents.  Accordingly, a unilateral prosecution bar that includes an acquisition bar is appropriate in this case.

## 4.      Conclusion

The parties jointly request that the Court decide the above disputes and enter a protective order in the form of Exhibit 1.

Dated: August 21, 2012                     Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　  /s/  Matthew J. Antonelli
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

S. Calvin Capshaw
Texas Bar No. 03873900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas Bar No. 05770585
ederieux@capshawlaw.com

D. Jeffrey Rambin
Texas Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DeRIEUX, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
(903) 236-9800
(903) 236-8787 (fax)

***Attorneys for Garnet Digital, LLC***

*/s/ Melissa R. Smith (with permission)*
Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
PHONE:  (903) 934-8450
FAX:  (903) 934-9257
melissa@gillamsmithlaw.com

***ATTORNEY FOR HEWLETT-PACKARD
COMPANY and
PANTECH WIRELESS, INC.***

*/s/ Christopher M. Joe (with permission)*
Christopher M. Joe
Texas State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Niky Bukovcan
Texas State Bar No. 24078287
Niky.Bukovcan@BJCLaw.com
BUETHER JOE & CARPENTER LLC
1700 Pacific Ave., Suite 4750
Dallas, Texas  75201
Telephone:     (214) 466-1272
Facsimile:      (214) 635-1828

***ATTORNEYS FOR DEFENDANT
RADIOSHACK CORPORATION***


*/s/ Clyde M. Siebman (with permission)*
Clyde Moody Siebman (SBN 18341600)
#18341600
SIEBMAN, BURG, PHILLIPS   & SMITH, L.L.P.

12

Federal Courthouse Square
300 N. Travis
Sherman, TX  75090
(903) 870-0070
 (903) 870-0066 Telefax

John C. O'Quinn (pro hac vice)
Katharine M. Burke (pro hac vice)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

***ATTORNEYS FOR DEFENDANTS***
***VERIZON COMMUNICATIONS INC.***
***AND CELLCO PARTNERSHIP***
***D/B/A VERIZON WIRELESS***


*/s/ Michael E. Jones (with permission)*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Ryan McBrayer
RMcBrayer@perkinscoie.com
206-359-3073
Ramsey M. Al-Salam
ralsalam@perkinscoie.com
PERKINS COIE
1201 Third Ave., Suite 4800
Seattle, WA 98101-3099
Fax: 206-359-4073
Tel: 206-359-6385

***ATTORNEYS FOR DEFENDANT***

13

**T-MOBILE USA, INC.**


*/s/ Jerry  R. Selinger (with permission)*
Jerry R. Selinger
jselinger@pattersonsheridan.com
State Bar No. 18008250
Susan E. Powley
spowley@pattersonsheridan.com
State Bar No. 00784785
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(214) 296-0246 (Facsimile)

**ATTORNEYS FOR DEFENDANT
HTC  AMERICA, INC.**


*By:  /s/ Michelle C. Replogle (with permission)*
Michelle C. Replogle
Texas Bar No. 24034648
Email:  mreplogle@winston.com
John R. Keville
Texas Bar No. 00794085
Email: jkeville@winston.com
Phillip D. Price
Texas Bar No. 24060442
Email:  pprice@winston.com
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**COUNSEL FOR DEFENDANT,
MOTOROLA MOBILITY INC. (NOW KNOWN
AS MOTOROLA MOBILITY LLC)**

*/s/ Kathy H. Li (with permission)*
Steven J. Pollinger
Texas Bar Number 24011919
spollinger@smith.com
Kathy H. Li
Texas Bar Number 24070142

14

kli@mckoolsmith.com
McKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

Brett E. Cooper
New York State Bar No. 4011011
bcooper@mckoolsmith.com
McKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Fax: (212) 402-9444

E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON, P.C.
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846

***ATTORNEYS FOR DEFENDANT
METROPCS COMMUNICATIONS, INC.***

    /s/   *Jonathan N. Zerger  (with permission)*
Tom Henson, TX Bar No. 09494000
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
Telephone: 903-597-3301
Facsimile: 903-597-2413
thenson@rameyflock.com

B. Trent Webb, MO Bar No. 40778
Jonathan N. Zerger, MO Bar No. 56931
Aaron Hankel (pro hac vice pending)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Telephone: 816.474.6550

15

Facsimile 816.421.5547
bwebb@shb.com
jzerger@shb.com
ahankel@shb.com

***Attorneys For Defendants***
***Sprint Nextel Corp., Sprint Solutions, Inc., Boost***
***Mobile, LLC, Virgin Mobile USA, Inc., and Virgin***
***Mobile USA, LP***


 /s/ Max Ciccarelli *(with permission)*
Max Ciccarelli (lead attorney)
   Texas Bar No. 00787242
Matthew P. Harper
   Texas Bar No. 24037777
   matt.harper@tklaw.com
Richard L. Wynne, Jr.
   State Bar No. 24003214
   Richard.Wynne@tklaw.com
Anthony Miller
   State Bar No. 24041484
   Anthony.Miller@tklaw.com
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: 214.969.1700
Fax: 214.969.1751

***ATTORNEYS FOR DEFENDANTS***
***ZTE (USA) INC., LEAP WIRELESS***
***INTERNATIONAL, INC.,***
***AND STX WIRELESS OPERATIONS, LLC***


 */s/ Roger Fulghum (with permission)*
Roger Fulghum
Lead Attorney
Texas Bar No. 00790724
Tammy Pennington Rhodes
Texas Bar No. 24051182
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Telephone:  (713) 229-1707

16

Facsimile:  (713) 229-2707
E-mail: roger.fulghum@bakerbotts.com
E-mail: tammy.pennington@bakerbotts.com

Deron R. Dacus
Texas Bar No. 00790553
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-3301
Facsimile:  (903) 597-2413
E-mail: ddacus@rameyflock.com

**ATTORNEYS FOR DELL INC.**


 */s/ Li Chen (with permission)*
Li Chen
Texas Bar No. 24055297
lchen@sidley.com
Steve Malin
Texas Bar No. 12859750
smalin@sidley.com
Demarron A. Berkley
Texas Bar No. 24050287
dberkley@sidley.com

SIDLEY AUSTIN LLP
717 North Harwood,
Suite 3400
Dallas, Texas  75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

**Attorneys for Huawei Technologies USA, Inc.**


*/s/ Richard J. O'Brien (with permission)*
Richard J. O'Brien, SBN 3125248
robrien@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Steven C. Malin, SBN 12859750
smalin@sidley.com

17

Demarron A. Berkley, SBN 24050287
dberkley@sidley.com
SIDLEY AUSTIN LLP
717 North Harwood,
Suite 3400
Dallas, Texas  75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

***Attorneys for U.S. Cellular Corporation***


 /s/ Steven Lieberman *(with permission)*
Steven Lieberman
slieberman@rfem.com
Joo Mee Kim
jkim@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK, PC
1425 K St., N.W., Ste. 800
Washington, D.C.  20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5092 (telephone)
(903) 509-5092 (facsimile)

***ATTORNEYS FOR DEFENDANTS***
***LG ELECTRONICS U.S.A., INC. AND***
***LG ELECTRONICS MOBILECOMM***
***U.S.A., INC.***


*By:  /s/ Michelle C. Replogle (with permission)*
Michelle C. Replogle
Texas Bar No. 24034648
Email:  mreplogle@winston.com
John R. Keville
Texas Bar No. 00794085
Email: jkeville@winston.com

18

Phillip D. Price
Texas Bar No. 24060442
Email:  pprice@winston.com
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**ATTORNEYS FOR GOOGLE INC.**

 */s/ John Guaragna (with permission)*
John Guaragna (Bar No. 24043308)
John.guaragna@dlapiper.com
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel: 512.457.7000
Fax: 512.457.7001

Richard de Bodo
Richard.debodo@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA  90067-4704
Tel: 310.595.3000
Fax: 310.595.3300

**ATTORNEYS FOR DEFENDANT
KYOCERA COMMUNICATIONS, INC.**

*/s/ John H. McDowell, Jr.*
John H. McDowell, Jr.
Texas State Bar No. 13570825
Email: johnmcdowell@andrewskurth.com
Benjamin J. Setnick
Texas State Bar No. 24058820
Email: bensetnick@andrewskurth.com

ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  214-659-4400
Facsimile:  214-915-1434

***ATTORNEYS FOR DEFENDANT SONY
MOBILE COMMUNICATIONS (USA) INC****.*

 /s/ Douglas R. McSwane, Jr. (with permission)
Douglas Ray McSwane, Jr
Potter Minton
P. O. Box 359
Tyler, TX 75710
903/597/8311
9035930846 (fax)
dougmcswane@potterminton.com

John C Alemanni
Michael T Morlock
Kilpatrick Townsend & Stockton LLP NC
1001 W Fourth Street
Winston-Salem, NC 27101
336/607-7311
336-607-7500 (fax)
jalemanni@kilpatricktownsend.com
mmorlock@kilpatricktownsend.com

Stephen E Baskin
Kilpatrick Townsend & Stockton - Washington
607 14th St NW
Suite 900
Washington, DC 20005
202-508-5899
202-585-0044 (fax)
sbaskin@kilpatrickstockton.com
William H Boice
Kilpatrick Townsend & Stockton LLP - Atlanta
1100 Peachtree St
Ste 2800
Atlanta, GA 30309-4530
404/815-6464
404/541-3134 (fax)
bboice@kilpatricktownsend.com

***ATTORNEYS FOR DEFENDANTS
AT&T INC. and AT&T MOBILITY LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/  Matthew J. Antonelli
Matthew J. Antonelli

## CERTIFICATE REGARDING MEET AND CONFER REQUIREMENTS

The undersigned hereby certifies that counsel for Plaintiff and counsel for Defendants have conferred regarding the matters addressed herein, have jointly submitted this Motion and consequently there is no opposition to the relief requested.

/s/  Matthew J. Antonelli
Matthew J. Antonelli