**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **GARNET DIGITAL, LLC,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **CASE NO. 6:11-CV-647** |
| **APPLE, INC., et al.,** | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court are the following motions:

- Defendants AT&T Inc., AT&T Mobility LLC, Apple, Inc., Boost Mobile, LLC, Google Inc., HTC America, Inc., Huawei Technologies USA Inc., Leap Wireless International, Inc., Motorola Mobility, Inc., STX Wireless Operations, LLC, Sprint Nextel Corporation, Sprint Solutions, Inc., T-Mobile USA, Inc., Virgin Mobile USA, Inc., Virgin Mobile USA, L.P., and ZTE (USA) Inc.'s (collectively, "AT&T et al.") Motion to Dismiss Indirect Infringement Claims (Docket No. 162); and
- Defendants Verizon Communications, Inc., Cellco Partnership (d/b/a Verizon Wireless), Dell Inc., Kyocera Communications, Inc., MetroPCS Communications, Inc., Radioshack Corporation, Samsung Electronics America, Inc., and Samsung TeleCommunications America, LLC's (collectively, "Verizon et al.") Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6) (Docket No. 168).

Having considered the parties' written submissions, the Court **GRANTS IN PART** and **DENIES IN PART** AT&T et al.'s Motion to Dismiss, and the Court **GRANTS IN PART** and

**DENIES IN PART** Verizon et al.'s Motion to Dismiss. The Court **GRANTS** Garnet leave to amend its complaint within fourteen days.

**BACKGROUND**

In its Original Complaint for Patent Infringement, Garnet accuses all Defendants of infringing U.S. Patent No. 5,379,421, entitled "Interactive Terminal For The Access of Remote Database Information" ("the '421 Patent"). Garnet makes the same generalized allegations against all Defendants:

> [Defendant] directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least [Defendant's product(s)]) that infringed one or more claims of the 421 patent, and/or induced infringement and/or contributed to the infringement of one or more of the claims of the 421 patent by its customers.[1]

Both motions move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Verizon et al. contend none of Garnet's allegations comply with Rule 8, while AT&T et al. argue that Garnet's indirect allegations do not to comply with Rule 8.

Verizon et al. argue Garnet's direct infringement allegations are insufficient, because Garnet fails to identify the patent claims asserted, fails to state which products or services those claims allegedly cover, and fails to identify how the accused products provide the claimed functionality or perform the claimed method. Garnet responds that its direct infringement claims comply with Rule 8. Specifically, Garnet argues it has complied with Rule 8, because it specifically identified the allegedly infringing products.

As to the indirect infringement claims, both motions contend that Garnet's indirect infringement allegations are insufficient, because Garnet fails to provide any facts to support its

[1] Docket No. 4 ¶¶ 42-67.

indirect infringement claims. Specifically, Garnet fails to allege that any of the Defendants had knowledge of the '421 Patent, that any of the Defendants had knowledge that their products and services were especially designed to infringe the '421 patent, that any of the Defendants had the specific intent to induce infringement, or that any of the Defendants especially designed their products to infringe the '421 patent with no substantial non-infringing uses.

Garnet responds that its indirect infringement claims comply with Rule 8. Specifically, Garnet argues it is unnecessary to address all the elements of indirect infringement. Rather, Garnet contends it is only necessary to identify third party direct infringers, which it did, in order to comply with Rule 8.

**APPLICABLE LAW**

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679–680, 684 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading for direct infringement claims:

> (Caption—See Form 1.)
>
> 1. (Statement of Jurisdiction--See Form 7.)
>
> 2. On *date*, United States Letters Patent No. _______ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
>
> (a) a preliminary and final injunction against the continuing infringement;
>
> (b) an accounting for damages; and
>
> (c) interest and costs.
>
> (Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the 2006 form, then Form 16); *In re Bill of Lading Transmission and Processing Systems Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Thus, a claim for direct infringement that complies with Form 18 will be sufficient to state a claim that is plausible on its face. *See* FED. R. CIV. P. 84. However, Form 18 does not apply to indirect infringement claims, therefore, pleadings for such claims must comply with the requirements articulated in *Twombly* and *Iqbal*. *Bill of Lading*, 681 F.3d at 1336–37 ("[B]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement.").

**ANALYSIS**

Garnet's allegations of direct infringement do comply with Rule 8, because they do identify the accused products, services, methods, or other infringing acts for the patent-in-suit. *See* FED. R. CIV. P. Form 18 (accusing "electric motors" of infringement). For each named defendant, Garnet has identified at least one specific product that allegedly infringes the '421 Patent.

However, Garnet's allegations fail to state a claim of indirect infringement that is plausible on its face. In order to properly state a claim for indirect infringement, Garnet must include some factual support that would allow this Court "to draw [a] reasonable inference that [Defendants] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Here, while Garnet asserts Defendants contributed to the infringement or induced the infringement of the '421 Patent by their customers, Garnet has not provided any other factual support for its indirect allegations.

**CONCLUSION**

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** AT&T et al.'s Motion to Dismiss, and the Court **GRANTS IN PART** and **DENIES IN PART** Verizon et al.'s Motion to Dismiss**.** Rather than dismissing Garnet's claims, the Court **ORDERS** Garnet to file an amended complaint within the next fourteen days to comply with the pleading requirements articulated in *Twombly* and *Iqbal*.

**So ORDERED and SIGNED this 20th day of September, 2012.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**